UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:99CR575-DJS |
| | ) | |
| MARK HUNT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On January 12, 2006, the Court revoked defendant's term of supervised release and sentenced defendant to 58 months' imprisonment, to run consecutive to the sentence recently imposed in <u>United States v. Mark Hunt</u>, 4:05CR400-SNL. The revocation judgment was entered on the docket Friday, January 13, 2006. Now before the Court is defendant's motion to correct the sentence pursuant to Fed.R.Crim.P. 35(a), which provides:

> **(a) Correcting Clear Error.** Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Citing §7B1.4 of the Sentencing Guidelines, defendant argues that the Court mistakenly determined the applicable policy statement sentencing range to be 51 to 63 months, rather than 33 to 41 months. Defendant suggests that the lower range applied pursuant to §7B1.4(a)(1). Section 7B1.4(a)(2) provides the range of 51 to 63 months "[w]here the defendant was on probation or supervised

release as a result of a sentence for a Class A felony." Invoking this distinction, defendant mistakenly focuses on the Class of the felonies upon which *the revocation* was based, rather than on the Class of the felony *which resulted in the supervised release term* in this case. For that reason, the motion is not well-taken, and will be denied.

On March 1, 2000, defendant pled guilty before this Court to possession of a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. §924(c)(1)(a). This offense is the felony relevant to the application of §7B1.4(a)(1) and (2). The indeterminate nature of the statutory sentencing range for this offense ("not less than five years") has given rise to discrepancies in the determination of the felony's Class. This Court has routinely treated a §924(c)(1)(a) offense as a Class A felony carrying a minimum sentence of 5 years and a maximum sentence of life imprisonment. This defendant was so advised at the time of his guilty plea, and again at defendant's sentencing the Court characterized the offense as a Class A felony. Arguments to the contrary may well exist, but the issue presented in defendant's motion to correct sentence is not, in the Court's view, "arithmetical, technical, or other clear error" appropriate for sentence amendment pursuant to Rule 35(a), even assuming that such a correction could now timely be made under the rule's 7-day limit.

For all the foregoing reasons, the motion to correct sentence will be denied. Because a notice of appeal has been filed on defendant's behalf, defendant may pursue his contention concerning the policy statement range on appeal.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to correct sentence pursuant to Rule 35(a) Fed.R.Crim.P. [Doc. #39] is denied.

Dated this   23rd   day of January, 2006.


                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE